IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
AT ROCK ISLAND

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>  )<br>  Plaintiff,  )<br>  )<br>vs.  )<br>  )<br>DRAKKAR MALIK BOYD,  )<br>  )<br>  Defendant.  ) | Criminal No. 4:21-cr-40012 |

### SENTENCING MEMORANDUM

Defendant, Drakkar Boyd, through undersigned counsel, respectfully requests, pursuant to 18 U.S.C. § 3553(a) and *United States v. Booker*, 543 U.S. 220 (2005), and its progeny, that this Honorable Court impose a sentence at the bottom of the guideline range, followed by a term of supervised release. In support of this request, Boyd states as follows:

**I. Background.**

1. The Government charged Boyd with a single count of felon in possession of a firearm on April 20, 2021. (PSR at ¶¶ 1-2). Boyd pled guilty to the single count in the indictment on June 24, 2021. (PSR at ¶ 7). There is no plea agreement between the parties. (PSR at ¶ 7).

**II. Guideline calculation.**

2. All guideline issues have been resolved. With a total offense level of 21 and a criminal history category of IV, Boyd's guideline range is 57-to-71 months. (PSR at ¶ 79).

**III. 18 USC § 3553(a) factors that warrant a sentence at the lower end of the guideline range.**

3. There are § 3553(a) factors in this case that warrant a sentence at the lower end of

the guideline range. In imposing a sentence post-*Booker,* district courts are required to calculate the proper guideline range even though the guidelines are no longer mandatory. *United States v. Jung*, 473 F.3d 837, 844 (7th Cir. 2007). The court must then give the defendant an opportunity to point out any § 3553(a) factors that might warrant a sentence outside of the guidelines range and must consider those factors when determining the sentence. *United States v. Dean,* 414 F.3d 725, 729–30 (7th Cir. 2005).

### A. The nature and circumstances of the offense and the history and characteristics of the defendant under § 3553(a)(1).

4.  Evidence of a defendant's history and characteristics "is clearly relevant to the selection of an appropriate sentence." *Pepper v. United States*, 131 S. Ct. 1229, 1242 (2011) (citing § 3553(a)(1)). *Pepper* emphasized that a sentencing court must "consider every convicted person as an individual," *id*. at 1240 (quoting *Koon v. United States*, 518 U.S. 81, 113 (1996)), and must fashion a punishment that "fit[s] the offender and not merely the crime." *Id*. (citations omitted).

5.  Boyd is young—he is only 25 years old. (PSR at 1). Boyd's parents were never married. (PSR at ¶ 48). Boyd and his mother lived with his maternal grandmother for twelve years while Boyd was growing up. (PSR at ¶ 48). Boyd has never known his father and has no relationship with him. (PSR at ¶ 50). However, Boyd has maintained a close relationship with his mother, who lives in Hammond, IN. (PSR at ¶ 51). Boyd also maintains contact with his maternal half-siblings in Hammond and Chicago. (PSR at ¶ 52). Boyd has four children that live in East Chicago, IN. (PSR at ¶¶ 55-56).

6.  Boyd began using marijuana when he was 16 years old and continued using the substance until this year, (PSR at ¶ 62), but he has never attended substance abuse treatment. (PSR at ¶ 66). Boyd did not graduate high school, but he is interested in obtaining a GED. (PSR

at ¶¶ 67, 69). Boyd's mother indicated that he "has a history of fixing cars and electronics. She indicated that he fixed a DVD player at age two." (PSR at ¶ 51). Boyd has fixed computers and phones, and he is interested in becoming a computer technician. (PSR at ¶¶ 70-71). Boyd would also like to obtain training in welding and HVAC. (PSR at ¶ 71).

7. Boyd was raised by a single mother and his grandmother. He wasn't able to complete high school, but he still acquired technical skills that would be useful to him in a technical vocation. Boyd is young, healthy, capable of working, and wants to learn new job skills. This factor cuts in his favor.

> **B. The need for the sentence imposed—(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner under § 3553(a)(2).**

8. A sentence at the bottom of the guidelines would still reflect the seriousness of the offense in this case. As Probation noted, "Since the applicable guideline range is in Zone D of the Sentencing Table, the minimum term shall be satisfied by a term of imprisonment. USSG § 5C1.1(f)." (PSR at ¶ 80). A sentence at the bottom of the guidelines will still likely be severe and would still reflect the seriousness of this offense, promote respect for the law, and provide just punishment for possessing a handgun as a prohibited person. Such a sentence would also afford adequate deterrence to others who may be contemplating possessing or using firearms illegally. A sentence at the bottom of the guidelines would also still protect the public from further crimes committed by Boyd because he will have enough time to obtain drug treatment, further his education, and obtain vocational training to return to society healthy and productive. A sentence

of imprisonment will also provide the defendant with needed educational or vocational training, medical care, or other correctional treatment because, while in prison, he will be able to obtain education and training in a field of his choice that will provide him with the skills to live a law-abiding life.

### C. The kinds of sentence available under § 3553(a)(3) and (a)(4).

9.  Boyd must be sentenced to a term of imprisonment in this case. *See* (PSR at ¶ 80). However, that term of imprisonment must be "sufficient, but not greater than necessary" under § 3553(a). A term of imprisonment that exceeds what is necessary for Boyd to complete drug treatment and vocational training would be greater than necessary because Boyd is willing and capable of being a productive member of society. A sentence at the higher end of the guidelines would serve no purpose other than imprisoning an otherwise productive person beyond that which is necessary.

### IV. Conclusion.

10.  Boyd is a young man who has spent much of his adult life entangled in the legal system. Yet, he shows promise and is young enough to still turn his life around and looks forward to doing so.

WHEREFORE, Drakkar Boyd, through undersigned counsel, respectfully requests, pursuant to 18 U.S.C. § 3553(a) and *United States v. Booker*, 543 U.S. 220 (2005), and its progeny, that this Honorable Court impose at the bottom of the guidelines, followed by a term of supervised release.

DATED: September 19, 2021.

                                                      /s/ Nate Nieman

                        NATE NIEMAN
                        ATTORNEY FOR DEFENDANT

Nate Nieman
Attorney at Law
329 18th St.
Rock Island, IL 61201
Telephone: (309) 623-4831
Fax: (309) 517-5843
Email: nate@niemanlaw.com
ARDC#: 6302649

**CERTIFICATE OF SERVICE**

    I hereby certify that I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the Government in this case.

                        /s/ Nate Nieman
                        NATE NIEMAN
                        ATTORNEY FOR DEFENDANT